UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JERRY A. CHAVEZ, <br><br> Petitioner, <br><br> v. <br><br> D. BAUGHMAN, Warden, <br><br> Respondent. | No. CV 18-08213-DOC (DFM) <br><br> ORDER SUMMARILY DIMISSING PETITION WITH PREJUDICE |

**I.**

**INTRODUCTION**

Jerry A. Chavez ("Petitioner") filed a Petition for Writ of Habeas Corpus by a Person in State Custody. See Dkt. 1 ("Petition"). Petitioner's sole claim is that the Los Angeles County Superior Court abused its discretion when it determined that California Senate Bill 620 ("SB 620"), effective January 1, 2018, did not apply retroactively to his case. Id. at 3. The Petition is

dismissed with prejudice because it fails to state a claim and is untimely.[1]

## II.
## BACKGROUND

In October 2006, a jury convicted Petitioner of second-degree murder. Petition at 2. The jury also found true that Petitioner was a felon in possession of a firearm and that he personally used a firearm in the commission of the crime. Id. The trial court sentenced Petitioner to 62 years to life in prison. Id.

Petitioner appealed to the California Court of Appeal, challenging the trial court's (1) exclusion of evidence and (2) supposed failure to instruct the jury that Petitioner had no duty to retreat, as well as (3) whether Petitioner received a fair trial. Id. at 5. The California Court of Appeal denied Petitioner's claims in a reasoned decision. Id.; see also People v. Chavez, No. B199018, 2008 Cal. App. Unpub. LEXIS 4486 (June 2, 2008). The California Supreme Court denied a petition for review. Petition at 5.

In January 2018, Petitioner filed a sentence modification motion based on SB 620. The Superior Court denied the motion, finding that SB 620 "is not retroactive." Id., Ex. A. Petitioner raised the same issue in habeas petitions to the California Court of Appeal and California Supreme Court, both of which were summarily denied. Id. at 6, Exs. B, C. Petitioner now raises the same issue to this Court. Id. at 3.

## III.
## DISCUSSION

A petitioner may seek federal habeas relief from a state-court conviction

---

[1] A district court may summarily dismiss a § 2254 petition before the respondent files an answer if, as is the case here, "it plainly appears from the petition . . . that the petitioner is not entitled to relief." Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, Rule 4; Mayle v. Felix, 545 U.S. 644, 656 (2005).

2

or sentence "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Swarthout v. Cooke, 562 U.S. 216, 219 (2011) (per curiam). Matters relating solely to the interpretation or application of state law generally are not cognizable on federal habeas review. See Lewis v. Jeffers, 497 U.S. 764, 780 (1990) ("[F]ederal habeas corpus relief does not lie for errors of state law[.]").

Here, Petitioner seeks federal habeas relief claiming he is entitled to a modified sentence pursuant to SB 620. The claim as presented only involves the application of state sentencing laws and does not give rise to a federal question cognizable on federal habeas review. See Christian v. Rhode, 41 F.3d 461, 469 (9th Cir. 1994) ("Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief."); McKinney v. Pfeiffer, No. 15-5268, 2017 U.S. Dist. LEXIS 40646, at *4 (C.D. Cal. Jan. 11, 2017) ("[T]o the extent petitioner is challenging the superior court's denial of his application to reduce one of his convictions to a misdemeanor pursuant to Proposition 47, such claims are not cognizable on federal habeas review."). The fact that Petitioner characterizes this claim as a violation of his federal constitutional rights, without more, is not sufficient. See Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1997) (as modified) (holding that a petitioner may not "transform a state-law issue into a federal one merely by asserting a violation of due process," and that "alleged errors in the application of state law are not cognizable in federal habeas corpus" proceedings).

Even if Petitioner stated a cognizable federal habeas claim, relief would not be available to him. Under SB 620, trial courts have the discretion to strike firearm enhancements brought under §§ 12022.5 and 12022.53. See Cal. Penal Code §§ 12022.5(c), 12022.53(h). California courts of appeal have held in several unpublished decisions that SB 620 applies retroactively only to criminal

judgments that were not final as of the bill's effective date, January 1, 2018. See, e.g., People v. Lewis, No. D071434, 2018 Cal. App. Unpub. LEXIS 1713, at *24 (Mar. 16, 2018); People v. Crockett, No. 267614, 2018 Cal. App. Unpub. LEXIS 1044, at *34 (Feb. 16, 2018); People v. Wilson, No. B289638, 2018 Cal. App. Unpub. LEXIS 6500, at *4-5 (Sept. 24, 2018). These cases rely on In re Estrada, 63 Cal. 2d 740, 748 (1965) and People v. Francis, 71 Cal. 2d 66, 75-78 (1969), which held that when a statute mitigating punishment becomes effective before final judgment, the lesser punishment provided by the new law should generally be imposed.

Petitioner's direct appeal concluded in June 2008 when the California Supreme Court denied his petition for review. See Petition at 5. Petitioner's conviction became final ninety days later. See Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999); see also People v. Vieira, 35 Cal. 4th 264, 306 (2005) ("[F]or the purpose of determining retroactive application of an amendment to a criminal statute, a judgment is not final until the time for petitioning for a writ of certiorari in the United States Supreme Court has passed."). Accordingly, Petitioner would not be entitled to the retroactive application of § 12022.53(h). See, e.g., Hernandez v. Madden, No. 17-15750, 2018 WL 3473974, at *11-12 (C.D. Cal. Apr. 10, 2018) (denying request for stay because petitioner's conviction became final before SB 620 went into effect).

Finally, the fact that Petitioner's conviction became final in 2008 strongly suggests his Petition is facially untimely. See 28 U.S.C. § 2244(d)(1); see also Patterson v. Stewart, 251 F.3d 1243, 1245 (9th Cir. 2001) ("AEDPA imposes a one-year statute of limitations on habeas corpus petitions filed by state prisoners in federal court."). Petitioner does not argue he is entitled to delayed accrual of the limitations period or any sort of tolling.

///

///

## IV.
## ORDER

IT IS THEREFORE ORDERED that judgment be entered summarily dismissing the Petition with prejudice.

Dated: October 28, 2018

_____
DAVID O. CARTER
United States District Judge

Presented by:

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge